MEMORANDUM *
Plaintiff Andrew Lopez alleges that prison officials, in validating him as a gang member and placing him in the Security *764 Housing Unit, violated his due process rights and unconstitutionally retaliated against him for his prison litigation activities. The district court dismissed or granted summary judgment in favor of several defendants, and the remaining causes resulted in a jury verdict in favor of the defendants. We affirm in part, reverse in part, and remand.
The district court did not give timely notice to Lopez as required by Rand v. Rowland, 154 F.3d 952 (9th Cir.1998) (en banc), after the defendants filed their motion for summary judgment. See Woods v. Carey, 684 F.3d 934, 940-41 (9th Cir.2012). It is clear from the record, however, that there are no facts that would have permitted Lopez to prevail against additional parties on the motion for summary judgment, because he submitted several declarations on his motion for summary judgment, and the district court considered this material in ruling on the defendants’ summary judgment motion. There was therefore no reversible error in granting summary judgment in favor of those defendants. See id. at 941.
At trial, the district court allowed a witness called by Lopez to refuse to testify upon invoking Fifth Amendment privilege that was not grounded upon any possible criminal prosecution, but on a fear of possible prison administrative consequences. This was error because the Fifth Amendment confers a privilege against self-incrimination only when there is a reasonable basis to believe the “information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding.” U.S. v. Balsys, 524 U.S. 666, 672, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998). Based on Lopez’s proffered questions for the witness, that assertion was untenable here. This error was prejudicial since it deprived Lopez of evidence bearing on the critical issue of the intent of a prison official, defendant Bartos. See Obrey v. Johnson, 400 F.3d 691, 701-02 (9th Cir.2005).
Lopez’s motion for judgment as a matter of law was properly denied since the identity of the critical decision-maker was a disputed question of fact. The district court correctly instructed the jury that determining the identity of the critical decision-maker is a question of fact, but erred in rejecting Lopez’s proffered instruction that notice and an opportunity to be heard must be provided before prison officials complete the validation process given the non-emergency circumstances of this case. See Zinermon v. Burch, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Logan v. Zimmerman Brush Co., 455 U.S. 422, 436, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).
The district court erred in its pretrial dismissal of Lopez’s due process claim against Special Services Unit Officer Harrison, thereby effectively dismissing him from the case and allowing the defendants to argue to the jury that Harrison, rather than any of the defendants who remained in the case, was the critical decision-maker.
The judgment in favor of defendants Babich, Cook, Garate, Gilliam, Holmes, James, Martinez, McClure, Shaver, and Vanderville entered on the basis of the jury verdict on plaintiffs due process claim is reversed and the claims are remanded. The judgment entered before trial in favor of defendant Harrison on plaintiffs due process claim is reversed and the claim against him remanded. The judgment in favor of defendant Bartos on plaintiffs retaliation claim is also reversed and remanded. The judgment of the district court is otherwise affirmed.
Defendants’ motion for judicial notice on appeal is GRANTED.
*765 Each party shall bear its own costs.
AFFIRMED in part; REVERSED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.